**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NIMA HESHMATI, M.D.,**

          **Plaintiff,**

-vs-                                                  **Case No. 6:08-cv-607-Orl-31GJK**

**CITY OF MELBOURNE POLICE DEPARTMENT, et al.,**

          **Defendants.**

## ORDER

This matter comes before the Court on a Motion to Dismiss (Doc. 13). Plaintiff's Complaint (Doc. 42) names the City of Melbourne Police Department and the Chief of the Melbourne Police Department in his official capacity, as defendants. The Eleventh Circuit has held that police departments are not usually considered legal entities subject to suit. *Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992) (internal citations omitted). In each case, the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Id.*

In Florida, a city is the proper party in interest, not its police department. *Post v. City of Fort Lauderdale,* 750 F.Supp.1132 (S.D. Fla.1990). "Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit." *Id.* (internal citations omitted). Furthermore, the claims against the Chief of Police in his official capacity are duplicative. *See Kentucky v. Graham,* 473 U.S. 159, 165 (1985). Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss (Doc. 13) is **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED** without prejudice. Plaintiff will have twenty days from the date of this Order to file a Second Amended Complaint.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 7, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party