# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NIMA HESHMATI, M.D.,**

**Plaintiff,**

**-vs-** **Case No. 6:08-cv-607-Orl-31GJK**

**CITY OF MELBOURNE, FLORIDA, JOHN A. PASKO, SCOTT SILVERMAN a/k/a Aaron Joseph, ROXANNE MCCARTHY a/k/a Stephanie Vzatek, JACK BERGQUIST a/k/a Jerry Thompson, DIAHN CLARK, KEVIN KULP, and VINCENT ADKINS,**

**Defendants.**

---

# ORDER

This matter comes before the Court on Motions to Dismiss filed by Defendants Vincent Adkins (Doc. 59) and John Pasko (Doc. 60) and Plaintiff's Responses thereto (Docs. 64 & 65).

**I. Background**

Plaintiff Nima Heshmati ("Heshmati"), at all times relevant to this action, was a physician working at various walk-in clinics throughout Brevard County. On or about August 17, 2005, Heshmati was arrested by Detective John Pasko ("Pasko") for the trafficking and sale of controlled substances.

Heshmati's arrest was the result of a sting operation, orchestrated by Detective Vincent Adkins ("Adkins"), Pasko and others. Pasko and Adkins trained Defendants Scott Silverman, Roxanne McCarthy, Jack Bergquist and Diahn Clark (collectively, "the Operatives") to present as

patients to Heshmati, complain of false symptoms and provide Heshmati with false medical records in an attempt to get Heshmati to prescribe the controlled substances Xanax and Lortab.

Heshmati alleges that Pasko then swore out an affidavit, in support of his application for a warrant to arrest Heshmati, that contained statements Pasko knew to be false.[1] Pasko received the arrest warrant and then arrested Heshmati without sufficient probable cause.

**II. Standard of Review**

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, 127 S. Ct. 1955, 1965 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003)

---

[1]Specifically, Plaintiff alleges that Pasko falsely stated that Heshmati failed to conduct physical examinations of the Operatives before prescribing the medication.

(*citing* FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id*. (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989).

**III. Legal Analysis**

First, Plaintiff brings a claim under 42 U.S.C. § 1983 alleging that Defendants Pasko (Count III) and Adkins (Count IV) ("the Detectives") violated his rights under the Fourth and Fourteenth Amendments of the United States Constitution. The Detectives argue that they are entitled to qualified immunity because Plaintiff has failed to allege any violation of his constitutional rights.

In order to receive qualified immunity, "the government official must first prove that he was acting within [the scope of] his discretionary authority." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003). Once a defendant establishes that he was acting within the scope of his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate. *Id*. To determine whether qualified immunity is appropriate, the Court must ask two questions. First, whether, viewed in the light most favorable to the plaintiff, the evidence shows the officers violated his constitutional rights. *Id.* Second, if such a violation occurred, the Court

must determine whether that right was clearly established. *Id.* It is undisputed that the Detectives were acting within the scope of their discretionary authority, thus the Court turns to the question of whether Heshmati has sufficiently alleged a violation of his constitutional rights.

First, Heshmati alleges that Pasko arrested him knowing that he did not have probable cause to do so, because Pasko knowingly provided false information in support of his request for an arrest warrant. Therefore, Heshmati has sufficiently alleged a Fourth Amendment violation by Pasko and Count III will not be dismissed.[2] *See Davis v. Williams*, 451 F.3d 759, 764 n8 (11th Cir. 2006).

However, Heshmati has not alleged that Adkins played a role in obtaining the warrant or arresting him. Thus, Plaintiff has failed to allege a Fourth Amendment violation by Adkins. Furthermore, Plaintiff has failed to allege a violation of his Fourteenth Amendment rights by either Defendant. Accordingly, Count IV will be dismissed.

Plaintiff also brings state law claims of False Arrest (Count I) and Malicious Prosecution (Count XI) against the Detectives and others. With regard to Count I, Plaintiff has failed to allege that Adkins was involved in his arrest. Count I will therefore be dismissed as it applies to Adkins.

With regard to Pasko, Defendant correctly argues that he is immune to the charge of false arrest pursuant to Fla. Stat. § 768.28(9) because Plaintiff has failed to allege that he "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human

[2]Defendants also argue that Count X, for conspiracy to violate Plaintiff's constitutional rights, should be dismissed because Plaintiff has failed to allege any constitutional violation. Because this Court holds otherwise, Count X will not be dismissed.

rights, safety, or property." Fla. Stat. § 768.28(9). Therefore, Count I will be dismissed with regard to Pasko as well.[3]

Finally, Defendants argue that Count XI should be dismissed because Plaintiff has failed to plead a lack of probable cause. This is entirely incorrect and, thus, Count XI will not be dismissed.

**IV. Conclusion**

For the reasons stated herein,

Defendants' Motions to Dismiss (Docs 59 and 60) are **GRANTED** in part and **DENIED** in part. Count IV is **DISMISSED** in its entirety and Count I is **DISMISSED** in so far as it is brought against Pasko and Adkins. Plaintiff shall have leave to file a Third Amended Complaint on or before September 8, 2008.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 20, 2008.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party

[3]Plaintiff states that, under Florida law, malice may be inferred when an arrest is made without probable cause. However, Plaintiff's citation for this proposition is incorrect and the Court cannot find a case by that name which would support that statement.