IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:08-cv-607-ORL031-6JK

NIMA HESHMATI, M.D.,

    Plaintiff,

vs.

CITY OF MELBOURNE, JOHN A. PASKO, individually, SCOTT SILVERMAN, aka *AARON JOSEPH*, individually, ROXANNE McCARTHY aka *STEPHANIE VZATEK*, Individually, JACK BERGQUIST, aka *JERRY THOMPSON*, individually, DIAHN CLARK, individually, KEVIN KULP, individually, and VINCENT ADKINS, individually,

    Defendants.
_____/

**THIRD AMENDED COMPLAINT**

Plaintiff, NIMA HESHMATI, M.D., referred to as Plaintiff, by and through undersigned counsel hereby sues Defendants, CITY OF MELBOURNE, JOHN A. PASKO, individually, SCOTT SILVERMAN, aka *AARON JOSEPH*, individually, ROXANNE MCCARTHY aka *STEPHANIE VZATEK*, individually, JACK BERGQUIST, aka *JERRY THOMPSON,* individually, DIAHN CLARK, individually, KEVIN KULP, individually, and VINCENT ADKINS, individually and allege:

**CAUSE OF ACTION**

1.    This is an action brought pursuant to 42 U.S.C. § 1983 and § 1988, for violation of the Fourth and Fourteenth Amendments of the United States Constitution, §768.28, Florida Statutes, and for violation of the Florida Constitution, Article I.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under 42 U.S.C. § 1983 and its pendent jurisdiction for state law claims.

3. This is an action for damages that exceed $75,000.00, exclusive of interest, costs, and attorneys' fees.

4. All actions took place within the Middle District of Florida and venue is proper within the Middle District of Florida.

## PARTIES

5. At all times relevant to this Complaint, Plaintiff NIMA HESHMATI, M.D., was an independent contractor conducting business at the "Melbourne Walk-In Clinic," "Cocoa Walk-In Clinic," and "Palm Bay Walk-In Clinic" through which DR. HESHMATI practiced medicine in Brevard County, Florida.

6. Defendants JOHN A. PASKO, SCOTT SILVERMAN, aka *AARON JOSEPH*, ROXANNE McCARTHY, aka *STEPHANIE VZATEK*, JACK BERGQUIST, aka *JERRY THOMPSON,* DIAHN CLARK, KEVIN KULP, and VINCENT ADKINS, are all sued in their individual capacities.

7. Defendant CITY OF MELBOURNE is a municipality within the State of Florida with offices in Brevard County and is sued as enumerated below and due to the actions of its employees.

8. Defendants PASKO, ADKINS and KULP devised a plan designed to trick DR. HESHMATI into believing SCOTT SILVERMAN, aka *AARON JOSEPH*, ROXANNE McCARTHY, aka *STEPHANIE VZATEK*, JACK BERGQUIST, aka *JERRY THOMPSON,* and

DIAHN CLARK had valid medical conditions requiring the use of Xanax and/or Lortab for relief of pain. In furtherance of their plan they trained SCOTT SILVERMAN, aka *AARON JOSEPH*, ROXANNE McCARTHY, aka *STEPHANIE VZATEK*, JACK BERGQUIST, aka *JERRY THOMPSON,* and DIAHN CLARK in the presentation of false symptoms and provided them with false medical records. SCOTT SILVERMAN, aka *AARON JOSEPH*, ROXANNE McCARTHY, aka *STEPHANIE VZATEK*, JACK BERGQUIST, aka *JERRY THOMPSON,* and DIAHN CLARK then operated as so called confidential informants that Defendants PASKO, ADKINS and KULP sent into Plaintiff HESHMATI's office to request relief from pain and thereby obtain from DR. HESHMATI a prescription for Xanax and/or Lortab.

9. Xanax and or Lortab are controlled substances pursuant to § 893, Florida Statutes.

10. SCOTT SILVERMAN, aka *AARON JOSEPH*, ROXANNE McCARTHY, aka *STEPHANIE VZATEK*, JACK BERGQUIST, aka *JERRY THOMPSON,* and DIAHN CLARK gave false and/or misleading information to Detective JOHN PASKO and Detective VINCENT ADKINS, including but not limited to, falsely claiming that DR. HESHMATI and/or his staff and assistants failed to conduct adequate physical examinations and that DR. HESMATI was prescribing medication for monetary gain, not for valid medical purposes. At the time the statements were made the above-named Defendants had knowledge that such statements were false.

11. Defendants PASKO, ADKINS and KULP used the statements of SCOTT SILVERMAN, aka *AARON JOSEPH*, ROXANNE McCARTHY, aka *STEPHANIE VZATEK*, JACK BERGQUIST, aka *JERRY THOMPSON,* and DIAHN CLARK as the basis of an affidavit for an arrest warrant. PASKO, ADKINS and KULP knew or should have known that the affidavit contained false and/or misleading information. Using the affidavit they obtained an

3

arrest warrant and Defendants PASKO, ADKINS and KULP arrested DR. HESHMATI for Trafficking and Sale of Controlled Substances. All three Defendants (PASKO, ADKINS and KULP) played a vital role in obtaining the arrest warrant. Defendant PASKO directed the arrest and ADKINS and KULP were part of the arrest team.

12. The arrest of DR. HESHMATI was based upon an affidavit that falsely alleged, among other things, that DR. HESHMATI was prescribing controlled substances that were not medically necessary, that the doctor never asked or requested the patient to take an examination, and that the drugs were not issued in good faith in the course of his professional practice.

13. Defendant PASKO knew, or should have known, that the information used as a basis for the arrest of DR. HESHMATI was false.

14. No probable cause existed for the charges for which DR. HESHMATI was arrested.

15. DR. HESHMATI was taken to the Brevard County Jail where he was imprisoned until he paid a bail in the amount of $50,000.00.

16. During each of the orchestrated visits by the confidential sources to DR. HESHMATI's office, DR. HESHMATI personally and/or his staff conducted the requisite physical examination and at all time followed the accepted medical standards in the evaluation and treatment of the Defendant undercover operatives.

17. Each and every prescription issued by DR. HESHMATI was medically necessary and followed the medical standards for the prescribing of these controlled substances.

18. As a result of information provided by Defendant PASKO, Plaintiff HESHMATI had his medical license, which allowed him to prescribe controlled substances, suspended by the

4

Department of Health, thereby preventing DR. HESHMATI from providing all the reasonable and necessary medical services to his patients.

19. The CITY OF MELBOURNE failed to properly train, supervise, instruct or oversee the actions of defendant PASKO, ADKINS, KULP, SILVERMAN, McCARTHY, BERGQUIST and CLARK and, but for said failure, this arrest would not have occurred.

20. The CITY OF MELBOURNE failed to conduct any competent investigation regarding this false arrest of DR. HESHMATI, including, but not limited to, taking no action to discipline their officers, their employees, their agents or order them not to repeat such instances nor was there any corrective action or training offered, thus tacitly approving such conduct.

21. The CITY OF MELBOURNE has a practice and custom of deficiently training officers such that the custom may be deemed the official policy of the respective agencies and the failure to instruct, train and properly supervise the above-named Defendants occurred and continued for long enough that each such Department's failure to act and correct the procedure caused or substantially contributed to the violation of Plaintiff's rights.

22. The CITY OF MELBOURNE directly or indirectly, under color of law, approved or ratified the unlawful and deliberate actions of Defendants PASKO, ADKINS, KULP, SILVERMAN, McCARTHY, BERGQUIST and CLARK and possibly others.

23. The State Attorney of the Eighteenth Judicial Circuit filed charges against DR. HESMATI relying on the false and/or misleading information provided by Defendants JOHN A. PASKO, SCOTT SILVERMAN, aka *AARON JOSEPH*, ROXANNE McCARTHY, aka *STEPHANIE VZATEK*, JACK BERGQUIST, aka *JERRY THOMPSON,* DIAHN CLARK, KEVIN KULP, and VINCENT ADKINS.

24. However, after fully investigating the allegations against DR. HESHMATI, the State Attorney reached the conclusion that there was no legal basis to believe DR. HESHMATI had violated the law and dismissed the charges against him.

## COUNT I

### FALSE ARREST AGAINST THE CITY OF MELBOURNE AND INVESTIGATORS PASKO and ADKINS

25. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 24, as though they were fully set forth herein.

26. The arrest of DR. HESHMATI, more particularly described in paragraph 11, was at the hands of Defendants PASKO and ADKINS who, among other things:

    a) Conspired, confederated, and contributed to the arrest by setting up and orchestrating the confidential source's activities;

    b) Failed to recognize the lack of probable cause;

    c) Failed to properly evaluate the evidence that they had obtained; and

    d) Acted in bad faith or with malicious purpose and/or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

27. The arrest of DR. HESHMATI was without probable cause, or even arguable probable cause, in that the evidence in the Defendants' possession showed that the allegations in the affidavit used to secure an arrest warrant was false.

28. As a direct and proximate result of the actions of the Defendants, the Plaintiff was falsely arrested and suffered pain and suffering, lost wages and earnings, mental anguish, humiliation, injury to professional reputation, and other lawful damages, then and continuing into the future.

**WHEREFORE** the Plaintiff respectfully requests judgment for compensatory damages, a jury trial, and for such other and further relief as the Court deems proper.

## COUNT II

### VIOLATION OF CIVIL RIGHTS BY THE
### CITY OF MELBOURNE

29. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 24, as though they were fully set forth herein.

30. At all times relevant to this Complaint, Defendants PASKO, ADKINS, KULP, SILVERMAN, McCARTHY, BERGQUIST and CLARK were agents acting under the direction and control of the CITY OF MELBOURNE and were acting pursuant to their official policies, practice, and customs.

31. Acting under color of the authority of law and pursuant to the official policies, practice and customs, the CITY OF MELBOURNE intentionally, knowingly, or recklessly failed to instruct, supervise, control and/or discipline, on a continuing basis, Defendants in their duty to refrain from arresting persons without probable cause, and documenting true and accurate facts in affidavits used to secure arrest warrants, and said failures caused or substantially contributed to the damages herein.

32. The CITY OF MELBOURNE, directly or indirectly, under the color of law, approved or ratified the unlawful, deliberate, malicious and/or reckless and wanton conduct of Defendants by failing to conduct any competent investigation, take any corrective action, provide any reprimands or in any way provide subsequent supervision and remedial measures such that the only conclusion that can be drawn from the facts is that the CITY OF MELBOURNE condoned said actions.

33. As a direct and proximate result of the unlawful and malicious actions of the Defendants, the Plaintiff suffered injury, was deprived of his right to be secure in his person and property against unreasonable seizures of his person and property in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

34. As a direct and proximate result of the actions of the Defendants, the Plaintiff was falsely arrested and suffered pain and suffering, lost wages and earnings, mental anguish, humiliation, loss of professional reputation and other lawful damages, then and continuing into the future.

35. As a direct and proximate result of the actions of the Defendants, the Plaintiff had his medical license in the State of Florida suspended and was denied due process and suffered pain and suffering, lost wages and earnings, mental anguish, humiliation, loss of professional reputation and other lawful damages, then and continuing into the future.

**WHEREFORE** the Plaintiff respectfully requests judgment for compensatory damages, attorneys' fees and costs, a trial by jury and for such other and further relief as the Court deems proper.

## COUNT III

## VIOLATION OF CIVIL RIGHTS BY JOHN A PASKO

36. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 24, as though they were fully set forth herein.

37. At all relevant times, Defendant PASKO was acting under color of law and his authority as an agent for the CITY OF MELBOURNE.

38. As a direct and proximate result of the unlawful and malicious actions of the Defendant, the Plaintiff suffered injury, was deprived of his right to be secure in his person and

property against unreasonable seizures of his person and property in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

39. As a direct and proximate result, the Plaintiff was falsely arrested and imprisoned, suffered pain and suffering, lost wages and earnings, mental anguish, humiliation, loss of professional reputation and other lawful damages, then and continuing into the future.

40. As a direct and proximate result of the actions of the Defendant, the Plaintiff had his medical license in the State of Florida suspended and was denied due process and suffered pain and suffering, lost wages and earnings, mental anguish, humiliation, loss of professional reputation and other lawful damages, then and continuing into the future.

**WHEREFORE** the Plaintiff respectfully requests judgment for compensatory damages, attorneys' fees and costs, a trial by jury and for such other and further relief as the Court deems proper.

## COUNT IV

## VIOLATION OF CIVIL RIGHTS BY VINCENT ADKINS,

41. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 24, as though they were fully set forth herein.

42. At all relevant times, Defendant ADKINS was acting under color of law and his authority as an agent for the CITY OF MELBOURNE.

43. As a direct and proximate result of the unlawful and malicious actions of the Defendant, the Plaintiff suffered injury, was deprived of his right to be secure in his person and property against unreasonable seizures of his person in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

44.     As a direct and proximate result, the Plaintiff was falsely arrested and imprisoned, suffered pain and suffering, lost wages and earnings, mental anguish, humiliation, loss of professional reputation and other lawful damages, then and continuing into the future.

45.     As a direct and proximate result of the actions of the Defendant, the Plaintiff had his medical license in the State of Florida suspended and was denied due process and suffered pain and suffering, lost wages and earnings, mental anguish, humiliation, loss of professional reputation and other lawful damages, then and continuing into the future.

**WHEREFORE** the Plaintiff respectfully requests judgment for compensatory damages, attorneys' fees and costs, a trial by jury and for such other and further relief as the Court deems proper.

## COUNT V

## VIOLATION OF CIVIL RIGHTS BY KEVIN KULP

46.     By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 24, as though they were fully set forth herein.

47.     At all relevant times, Defendant KULP was acting under color of law and his authority as an agent for the FDLE.

48.     As a direct and proximate result of the unlawful and malicious actions of the Defendant, the Plaintiff suffered injury, was deprived of his right to be secure in his person and property against unreasonable seizures of his person in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

49.     As a direct and proximate result, the Plaintiff was falsely arrested and imprisoned, suffered pain and suffering, lost wages and earnings, mental anguish, humiliation, loss of professional reputation and other lawful damages, then and continuing into the future.

50.     As a direct and proximate result of the actions of the Defendant, the Plaintiff had his medical license in the State of Florida suspended and was denied due process and suffered pain and suffering, lost wages and earnings, mental anguish, humiliation, loss of professional reputation and other lawful damages, then and continuing into the future.

**WHEREFORE** the Plaintiff respectfully requests judgment for compensatory damages, attorneys' fees and costs, a trial by jury and for such other and further relief as the Court deems proper.

### COUNT VI

### VIOLATION OF CIVIL RIGHTS BY SCOTT SILVERMAN, aka *AARON JOSEPH*

51.     By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 24, as though they were fully set forth herein.

52.     At all relevant times, Defendant SILVERMAN was acting under color of law and his authority as an agent for the CITY OF MELBOURNE.

53.     As a direct and proximate result of the unlawful and malicious actions of the Defendant, the Plaintiff suffered injury, was deprived of his right to be secure in his person and property against unreasonable seizures of his person in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

54.     As a direct and proximate result, the Plaintiff was falsely arrested and imprisoned, suffered pain and suffering, lost wages and earnings, mental anguish, humiliation, loss of professional reputation and other lawful damages, then and continuing into the future.

55.     As a direct and proximate result of the actions of the Defendant, the Plaintiff had his medical license in the State of Florida suspended and was denied due process and suffered

pain and suffering, lost wages and earnings, mental anguish, humiliation, loss of professional reputation and other lawful damages, then and continuing into the future.

**WHEREFORE** the Plaintiff respectfully requests judgment for compensatory damages, attorneys' fees and costs, a trial by jury and for such other and further relief as the Court deems proper.

## COUNT VII

### VIOLATION OF CIVIL RIGHTS BY ROXANNE McCARTHY
### aka *STEPHANIE VZATEK*

56. By this reference, Plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 24, as though they were fully set forth herein.

57. At all relevant times, Defendant McCARTHY was acting under color of law and her authority as an agent for the CITY OF MELBOURNE.

58. As a direct and proximate result of the unlawful and malicious actions of the Defendant, the Plaintiff suffered injury, was deprived of his right to be secure in his person and property against unreasonable seizures of his person in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

59. As a direct and proximate result, the Plaintiff was falsely arrested and imprisoned, suffered pain and suffering, lost wages and earnings, mental anguish, humiliation, loss of professional reputation and other lawful damages, then and continuing into the future.

60. As a direct and proximate result of the actions of the Defendant, the Plaintiff had his medical license in the State of Florida suspended and was denied due process and suffered pain and suffering, lost wages and earnings, mental anguish, humiliation, loss of professional reputation and other lawful damages, then and continuing into the future.

**WHEREFORE** the Plaintiff respectfully requests judgment for compensatory damages, attorneys' fees and costs, a trial by jury and for such other and further relief as the Court deems proper.

## COUNT VIII

### VIOLATION OF CIVIL RIGHTS BY JACK BERGQUIST, aka *JERRY THOMPSON*

61. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 24, as though they were fully set forth herein.

62. At all relevant times, Defendant BERGQUIST was acting under color of law and his authority as an agent for the CITY OF MELBOURNE.

63. As a direct and proximate result of the unlawful and malicious actions of the Defendant, the Plaintiff suffered injury, was deprived of his right to be secure in his person and property against unreasonable seizures of his person in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

64. As a direct and proximate result, the Plaintiff was falsely arrested and imprisoned, suffered pain and suffering, lost wages and earnings, mental anguish, humiliation, loss of professional reputation and other lawful damages, then and continuing into the future.

65. As a direct and proximate result of the actions of the Defendant, the Plaintiff had his medical license in the State of Florida suspended and was denied due process and suffered pain and suffering, lost wages and earnings, mental anguish, humiliation, loss of professional reputation and other lawful damages, then and continuing into the future.

**WHEREFORE** the Plaintiff respectfully requests judgment for compensatory damages, attorneys' fees and costs, a trial by jury and for such other and further relief as the Court deems proper.

## COUNT IX

## VIOLATION OF CIVIL RIGHTS BY DIAHN CLARK

66. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 24, as though they were fully set forth herein.

67. At all relevant times, Defendant CLARK was acting under color of law and her authority as an agent for the CITY OF MELBOURNE.

68. As a direct and proximate result of the unlawful and malicious actions of the Defendant, the Plaintiff suffered injury, was deprived of his right to be secure in his person and property against unreasonable seizures of his person in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

69. As a direct and proximate result, the Plaintiff was falsely arrested and imprisoned, suffered pain and suffering, lost wages and earnings, mental anguish, humiliation, loss of professional reputation and other lawful damages, then and continuing into the future.

70. As a direct and proximate result of the actions of the Defendant, the Plaintiff had his medical license in the State of Florida suspended and was denied due process and suffered pain and suffering, lost wages and earnings, mental anguish, humiliation, loss of professional reputation and other lawful damages, then and continuing into the future.

**WHEREFORE** the Plaintiff respectfully requests judgment for compensatory damages, attorneys' fees and costs, a trial by jury and for such other and further relief as the Court deems proper.

## COUNT X

### CONSPIRACY TO VIOLATE CIVIL RGHTS BY JOHN A PASKO, SCOTT SILVERMAN, aka *AARON JOSEPH*, ROXANNE MCCARTHY, aka *STEPHANIE VZATEK*, JACK BERGQUIST, aka *JERRY HOMPSON*, DIAHN CLARK, KEVIN KULP and VINCENT ADKINS

71. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 24 as though they were fully set forth herein.

72. The Defendants, jointly and severally, combined, confederated and conspired, taking actions, which resulted in the violation of DR. HESHMATI's civil rights, including, but not limited to:

    a) Meeting wherein they discussed targeting DR. HESHMATI;

    b) By participating as a confidential source and/or a supervisor of a confidential source and conspiring to present false and misleading information to DR. HESHMATI;

    c) Conducting debriefings from the confidential source(s) which included information that DR. HESHMATI had, in fact, performed a medical examination and had otherwise properly prescribed medicine, all of which information was ignored by the Defendants; and

    d) Failing to listen to their own tape recordings of the confidential source interviews regarding DR. HESHMATI, each of which recording reflected that a physical examination was performed on each and every confidential source.

73. Notwithstanding the obvious evidence that the doctor was conducting medically appropriate examinations and medically appropriate prescriptions, the Defendants created false

affidavits which falsely alleged that DR. HESHMATI was prescribing controlled substances that were not medically necessary in violation of state law.

74. As a direct and proximate result of the unlawful and malicious actions of the Defendants, the Plaintiff suffered injury, was deprived of his right to be secure in his person and property against unreasonable seizures of his person and property in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

75. As a direct and proximate result, the Plaintiff was falsely arrested and imprisoned, suffered pain and suffering, lost wages and earnings, mental anguish, humiliation, loss of professional reputation and other lawful damages, then and continuing into the future.

76. As a direct and proximate result of the actions of the Defendants, the Plaintiff had his medical license in the State of Florida suspended and was denied due process and suffered pain and suffering, lost wages and earnings, mental anguish, humiliation, loss of professional reputation and other lawful damages, then and continuing into the future.

**WHEREFORE** the Plaintiff respectfully requests judgment for compensatory damages, punitive damages, attorneys' fees and costs, a jury trial and for such other and further relief as the Court deems proper.

### COUNT XI

### MALICIOUS PROSECUTION
### AGAINST PASKO, ADKINS, KULP, SILVERMAN, McCARTHY, BERGQUIST, CLARK and CITY OF MELBOURNE

77. Plaintiff incorporates by reference and restates the allegations of paragraphs 1 through 24 as set forth fully herein.

78. The charges made against DR. HESHMATI were, in fact, false.

79. Defendants caused an arrest warrant to be issued against DR. HESHMATI. The affidavit used to secure the arrest warrant falsely stated that DR. HESHMATI prescribed medication to patients "without any type of physical examination or medical need. The confidential source entered the office and wanted these controlled substances and was never asked or request [sic] to taken an evaluation."

80. In each and every instance relevant to this investigation, a physical examination was conducted on Defendants ADKINS, SILVERMAN, McCARTHY, BERGQUIST and CLARK.

81. At all times relevant to this action, Defendants ADKINS, SILVERMAN, McCARTHY, BERGQUIST and CLARK were seeking care of a physician for alleged physical injuries and giving histories, responses to physical examinations, and providing medical records that were consistent with the alleged physical injuries.

82. Defendants, PASKO, ADKINS, KULP, SILVERMAN, McCARTHY, BERGQUIST and CLARK willfully, wantonly, oppressively and maliciously caused Plaintiff DR. HESHMATI to be prosecuted.

83. On or about May 17, 2000, the Office of the State Attorney filed a *nolle prosequi,* dismissing all counts against DR. HESHMATI because there was insufficient evidence to prosecute DR. HESHMATI.

84. As a direct and proximate result of the actions of the Defendants, the Plaintiff was falsely arrested and suffered pain and suffering, lost wages and earnings, mental anguish, humiliations, loss of professional reputation and other lawful damages, then and continuing into the future.

85. As a direct and proximate result of the actions of the Defendants, the Plaintiff had his medical license in the State of Florida suspended and was denied due process and suffered pain and suffering, lost wages and earnings, mental anguish, humiliation, loss of professional reputation and other lawful damages, then and continuing into the future.

**WHEREFORE** the Plaintiff respectfully requests judgment for compensatory damages, attorneys' fees and costs, a jury trial and for such other and further relief as the Court deems proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 8th day of September, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/EMF system which will send a notice of electronic filing to:

George A. Meier, III, Esquire
Gail Bradford, Esquire
Meier, Bonner, Muszynski, O'Dell
 & Harvey, P.A.
37 North Orange Avenue, Suite 1100
Orlando, FL  32801-2463

F. Scott Pendley, Esquire
Dean, Ringers, Morgan and Lawton
201 East Pine Street
Post Office Box 2928
Orlando, Florida 32802

Robert D. Keough, Esquire
John E. Dubose, Jr., Esquire
Keough & DuBose, P.A.
P.O. Box 1609
Orlando, FL 32802-1609

Anthony A. Garganese, Esquire
Jeffrey Weiss, Esquire
Brown, Garganese, Weiss &
 D'Agresta, P.A.
P.O. Box 2873
Orlando, FL  32802-2873

Garrett S. Elsinger, Esquire
Purdy, Jolly, Giuffreda & Barranco, P.A.
2455 East Sunrise Boulevard, Ste. 1216
Fort Lauderdale, FL  33304

**EISENMENGER, BERRY & PETERS, P.A.**

By:   */s/ Gregory W. Eisenmenger*

**GREGORY W. EISENMENGER, ESQUIRE**
Florida Bar No. 237175
**ROBERT R. BERRY, ESQUIRE**
Florida Bar No. 714216
5450 Village Drive
Viera, Florida 32955
(321) 504-0321 Office
(321) 504-0320 Facsimile
Attorneys for Plaintiff