IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

NIMA HESHMATI, M.D.　　　　　　　CASE NO.: 6:08-CV-607-ORL-31-GJK

　　　　Plaintiff,

vs.

CITY OF MELBOURNE, JOHN A. PASKO,
Individually; SCOTT SILVERMAN, a/k/a
AARON JOSEPH, Individually; ROXANNE
McCARTHY a/k/a STEPHANIE VZATEK,
Individually; JACK BERGQUIST, a/k/a JERRY
THOMPSON, individually; DIAHN CLARK, individually;
KEVIN KULP, individually; and
VINCENT ADKINS, individually

　　　　Defendants.
_____/

## DEFENDANT DIAHN CLARK'S ANSWER TO COUNT XI OF PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant, Diahn Clark (hereinafter "Defendant, Clark") by and through her undersigned counsel, answers Plaintiff's Third Amended Complaint as to Count XI only and states the following:[1]

### CAUSE OF ACTION

1. Defendant, Clark admits the allegations contained in paragraph 1 of the Third Amended Complaint for jurisdictional purposes only. Otherwise, paragraph 1 of the Third Amended Complaint is denied in its entirety.

### JURISDICTION AND VENUE

2. Defendant, Clark admits for jurisdictional purposes only, the allegations contained

---

[1] Contemporaneous with this Answer, Defendant Clark has filed and served her Motion to Dismiss Counts IX and X, which are the remaining Counts against her in Plaintiff's Third Amended Complaint.

in paragraph 2 of the Third Amended Complaint. Otherwise, paragraph 2 is denied in its entirety.

3. Defendant, Clark admits for jurictional purposes only, the allegations contained in paragraph 3 of the Third Amended Complaint. Otherwise, paragraph 3 is denied in its entirety.

4. Defendant, Clark admits for venue purposes only, the allegations contained in paragraph 4 of the Third Amended Complaint. Otherwise, paragraph 4 is denied in its entirety.

## PARTIES

5. Defendant Clark has insufficient knowledge to admit or deny and therefore denies the allegations contained in paragraph 5 of the Third Amended Complaint.

6. Defendant Clark admits for pleading purposes only, the allegations contained in paragraph 6 of the Third Amended Complaint. Otherwise, paragraph 6 is denied in its entirety.

7. Defendant Clark has insufficient knowledge to admit or deny and therefore denies the allegations contained in paragraph 7 of the Third Amended Complaint.

8. Defendant Clark has insufficient knowledge to admit or deny and therefore denies the allegations contained in paragraph 8 of the Third Amended Complaint.

9. Defendant Clark has insufficient knowledge to admit or deny and therefore denies the allegations contained in paragraph 9 of the Third Amended Complaint.

10. Defendant Clark has insufficient knowledge to admit or deny and therefore denies the allegations contained in paragraph 10 of the Third Amended Complaint.

11. Defendant Clark has insufficient knowledge to admit or deny and therefore denies the allegations contained in paragraph 11 of the Third Amended Complaint.

12. Defendant Clark denies each and every allegation contained in paragraph 12 of the Third Amended Complaint.

13. Defendant Clark has insufficient knowledge to admit or deny and therefore denies the allegations contained in paragraph 13 of the Third Amended Complaint.

14. Defendant Clark denies the allegations contained in paragraph 14 of the Third

Amended Complaint.

15. Defendant, Clark has insufficient knowledge to admit or deny and therefore denies the allegations contained in paragraph 15 of the Third Amended Complaint.

16. Defendant Clark denies the allegations contained in paragraph 16 of the Third Amended Complaint.

17. Defendant Clark has insufficient knowledge to admit or deny and therefore denies the allegations contained in paragraph 17 of the Third Amended Complaint.

18. Defendant Clark has insufficient knowledge to admit or deny and therefore denies the allegations contained in paragraph 18 of the Third Amended Complaint.

19. Defendant Clark denies the allegations contained in paragraph 19 of the Third Amended Complaint.

20. Defendant Clark denies the allegations contained in paragraph 20 of the Third Amended Complaint.

21. Defendant Clark has insufficient knowledge to admit or deny and therefore denies the allegations contained in paragraph 21 of the Third Amended Complaint.

22. Defendant Clark denies the allegations contained in paragraph 22 of the Third Amended Complaint.

23. Defendant Clark has insufficient knowledge to admit or deny and therefore denies the allegations contained in paragraph 23 of the Third Amended Complaint.

24. Defendant Clark has insufficient knowledge to admit or deny and therefore denies the allegations contained in paragraph 24 of the Third Amended Complaint.

## COUNT I

### FALSE ARREST AGAINST THE CITY OF MELBOURNE AND INVESTIGATORS PASKO and ADKINS

25. Count I of Plaintiff's Third Amended Complaint does not seek to impose liability against Defendant Clark. However, out of an abundance of caution, Defendant Clark denies each

and every allegation contained in paragraphs 25 through 28 of Plaintiff's Third Amended Complaint.

## COUNT II

### VIOLATION OF CIVIL RIGHTS BY THE CITY OF MELBOURNE

29. Count II of Plaintiff's Third Amended Complaint does not seek to impose liability against Defendant Clark. However, out of an abundance of caution, Defendant Clark denies each and every allegation contained in paragraphs 29 through 35 of Plaintiff's Third Amended Complaint.

## COUNT III

### VIOLATION OF CIVIL RIGHTS BY JOHN A. PASKO

36. Count III of Plaintiff's Third Amended Complaint does not seek to impose liability against Defendant Clark. However, out of an abundance of caution, Defendant Clark denies each and every allegation contained in paragraphs 36 through 40 of Plaintiff's Third Amended Complaint.

## COUNT IV

### VIOLATION OF CIVIL RIGHTS BY VINCENT ADKINS

41. Count IV of Plaintiff's Third Amended Complaint does not seek to impose liability against Defendant Clark. However, out of an abundance of caution, Defendant Clark denies each and every allegation contained in paragraphs 41 through 45 of Plaintiff's Third Amended Complaint.

## COUNT V

### VIOLATION OF CIVIL RIGHTS BY KEVIN KULP

46. Count V of Plaintiff's Third Amended Complaint does not seek to impose liability against Defendant Clark. However, out of an abundance of caution, Defendant Clark denies each and every allegation contained in paragraphs 46 through 50 of Plaintiff's Third Amended Complaint.

## COUNT VI

### VIOLATION OF CIVIL RIGHTS BY SCOTT SILVERMAN, aka *AARON JOSEPH*

51. Count VI of Plaintiff's Third Amended Complaint does not seek to impose liability against Defendant Clark. However, out of an abundance of caution, Defendant Clark denies each

and every allegation contained in paragraphs 51 through 55 of Plaintiff's Third Amended Complaint.

## COUNT VII

### VIOLATION OF CIVIL RIGHTS BY ROXANNE MCCARTHY aka *STEPHANIE VZATEK*

56. Count VII of Plaintiff's Third Amended Complaint does not seek to impose liability against Defendant Clark. However, out of an abundance of caution, Defendant Clark denies each and every allegation contained in paragraphs 56 through 60 of Plaintiff's Third Amended Complaint.

## COUNT VIII

### VIOLATION OF CIVIL RIGHTS BY JACK BERGQUIST, aka *JERRY THOMPSON*

61. Count VIII of Plaintiff's Third Amended Complaint does not seek to impose liability against Defendant Clark. However, out of an abundance of caution, Defendant Clark denies each and every allegation contained in paragraphs 61 through 65 of Plaintiff's Third Amended Complaint.

## COUNT IX

### VIOLATION OF CIVIL RIGHTS BY DIAHN CLARK

Contemporaneous with this Answer, Defendant, Clark has filed and served her Motion to Dismiss Counts IX and X, which are the remaining Counts against her in Plaintiff's Third Amended Complaint.

## COUNT X

### CONSPIRACY TO VIOLATE CIVIL RIGHTS BY JOHN A PASKO, SCOTT SILVERMAN, aka *AARON* JOSEPH, ROXANNE MCCARTHY aka *STEPHANIE VZATEK*, JACK BERGQUIST aka *JERRY HOMPSON*, DIAHN CLARK, KEVIN KULP and VINCENT ADKINS

Contemporaneous with this Answer, Defendant, Clark has filed and served her Motion to Dismiss Counts IX and X, which are the remaining Counts against her in Plaintiff's Third Amended Complaint.

## COUNT XI

## MALICIOUS PROSECUTION
## AGAINST PASKO, ADKINS, KULP, SILVERMAN, McCARTHY, BERGQUIST, CLARK and CITY OF MELBOURNE

77. Defendant Clark adopts and incorporates by reference herein her responses to paragraphs 1 through 24.

78. Defendant Clark denies the allegations contained in paragraph 78 of the Third Amended Complaint.

79. Defendant Clark denies the allegations contained in paragraph 79 of the Third Amended Complaint.

80. Defendant Clark denies the allegations contained in paragraph 80 of the Third Amended Complaint.

81. Defendant Clark has insufficient knowledge to admit or deny and therefore denies the allegations contained in paragraph 81 of the Third Amended Complaint.

82. Defendant Clark denies the allegations contained in paragraph 82 of the Third Amended Complaint.

83. Defendant Clark has insufficient knowledge to admit or deny and therefore denies the allegations contained in paragraph 83 of the Third Amended Complaint.

84. Defendant Clark denies the allegations contained in paragraph 84 of the Third Amended Complaint.

85. Defendant Clark denies the allegations contained in paragraph 85 of the Third Amended Complaint.

## DEFENSES OR AFFIRMATIVE DEFENSES

86. Any testimony or statements made by Defendant Clark concerning Plaintiff were truthful.

87. At all times material to the investigation concerning Plaintiff, Clark acted objectively,

reasonably and proceeded under a good-faith belief that there was probable cause to arrest Plaintiff for the subject criminal charges.

88. Defendant Clark is entitled to a setoff of any recovery against her to the extent of the value of all benefits and/or settlements paid or payable on behalf of the Plaintiff or from any collateral source, pursuant to Florida law.

89. Plaintiff has failed to mitigate his damages as required by law.

90. At all times material to this lawsuit and assuming arguendo that Defendant Clark was acting under color of state law, Defendant Clark was acting within her discretionary authority as a lawful agent of the City of Melbourne and violated no clearly established federal constitutional law of which a reasonable person in her capacity should have known about. Therefore, Defendant Clark is entitled to qualified immunity from suit in her individual capacity.

91. Plaintiff's conspiracy claim against Defendant Clark, which is contained in Count X of the Third Amended Complaint, is barred as a matter of law by the intra corporate conspiracy doctrine.

## DEMAND FOR JURY TRIAL

92. The Defendant demands a trial by jury of all issues so triable as a matter of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 18, 2008, I electronically filed the foregoing with the Clerk of Court via the CM/ECF System which will send a notice of the electronic filing to the following: Gregory W. Eisenmenger, Esquire and Robert E. Berry, Esquire, 5450 Village Drive, Viera, Florida 32955, F. Scott Pendley, Esquire, Dean, Ringers, Morgan and Lawton, P.O. Box 2928, Orlando, Florida 32802, George A. Meier, III, Esquire and Gail Bradford, Esquire, Meier, Bonner, Muszynski, O'Dell & Harvey, P.A., 37 N. Orange Avenue, Suite 1100, Orlando, Florida

32801 and Robert D. Keough, Esquire and John E. DuBose, Jr., Esquire, Keough & DuBose, P.A., P.O. Box 1609, Orlando, Florida 32802.

/s/ Jeffrey S. Weiss
JEFFREY S. WEISS, ESQUIRE
Florida Bar No. 750565
ANTHONY A. GARGANESE, ESQUIRE
Florida Bar No. 9882294
**Brown, Garganese, Weiss & D'Agresta, P.A.**
111 N. Orange Avenue, Suite 2000
Post Office Box 2873 (32802-2873)
Orlando, Florida 32801
Telephone: (407) 425-9566
Attorneys for Defendant, Diahn Clark