**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NIMA HESHMATI, M.D.,**

        **Plaintiff,**

**-vs-**     Case No. 6:08-cv-607-Orl-31GJK

**CITY OF MELBOURNE, FLORIDA,**
**JOHN A. PASCO, SCOTT SILVERMAN**
**a/k/a Aaron Joseph, ROXANNE**
**MCCARTHY a/k/a Stephanie Vzatek,**
**JACK BERQUIST a/k/a Jerry Thompson,**
**DIAHN CLARK,  KEVIN KULP, and**
**VINCENT ADKINS,**

        **Defendants.**
_____

## ORDER

This matter came before the Court without oral argument upon consideration of Defendant's, Scott Silverman ("Silverman"), Motion to Dismiss Count VI of the Third Amended Complaint (Doc. 101) and Plaintiff's opposition thereto (Doc. 103).

**I. Background**

Plaintiff, Nima Heshmati ("Heshmati"), at all times relevant to this action, was a physician working at various walk-in clinics in Brevard County, Florida. On or about August 17, 2005, Heshmati was arrested by Detective John Pasko ("Pasko") for the trafficking and sale of controlled substances.

Heshmati's arrest was the result of an undercover sting operation orchestrated by Detective Vincent Adkins ("Adkins"), Pasko, and others. Pasko and Adkins trained Defendants Scott

Silverman, Roxanne McCarthy, Jack Bergquist and Diahn Clark ("Clark") (collectively the "Operatives") to present themselves as patients to Heshmati, complain of symptoms and provide Heshmati with false medical records in an attempt to get Heshmati to prescribe the controlled substances Xanax and Lortab.

Heshmati alleges that Pasko then swore out an affidavit, in support of his application for a warrant to arrest Heshmati, that contained statements by the Operatives which Pasko knew to be false. Pasko received the arrest warrant and then arrested Heshmati without sufficient probable cause.

## II. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every

element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

### III. Analysis: Count VI – Silverman's Violation of Heshmati's Fourth and Fourteenth Amendment Rights

On August 20, 2008, the Court granted, in part, Defendant Adkin's Motion to Dismiss (Doc. 66). Finding that Heshmati had failed to state a claim for a Constitutional violation under the Fourth and Fourteenth Amendments because he had failed to plead that Adkins had actually obtained the warrant or arrested Heshmati, the Court dismissed Count IV of the Second Amended Complaint. Similarly, the Court subsequently dismissed Count IX of the Third Amended Complaint, as to Defendant Diahn Clark, on the same grounds (Doc. 92).

As Silverman now points out, the language in Count VI of the Third Amended Complaint remains identical to the language used in the Second Amended Complaint. As with Adkins and Clark, the Third Amended Complaint fails to allege that Silverman played any role in actually obtaining the arrest warrant or, as Plaintiff himself concedes (Doc. 103 at 4), arresting Heshmati. Accordingly, Count VI will be dismissed.

**IV. Conclusion**

For the foregoing reasons, Defendant Silverman's Motion to Dismiss (Doc. 101) is **GRANTED**.  Count VI of the Third Amended Complaint is **DISMISSED** with prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 21, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE